## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

TRACEY BYRNES,                              )
on behalf of plaintiff and a class,         )
                                            )
                Plaintiff,      )
                                            )
       v.                          )
                                            )
MEDICREDIT, INC.,                           )
                                            )
            Defendant.           )
-------------------------------------------------

## COMPLAINT  – CLASS ACTION

### PRELIMINARY STATEMENT

1.      Plaintiff Tracey Byrnes brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Medicredit, Inc.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated."  *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

7.      Plaintiff and each class member received a threatening and intimidating communication that suit was to be filed.  The communications were sent without any intention to file suit.

## VENUE AND JURISDICTION

8.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

9.      Venue and personal jurisdiction in this District are proper because:

      a.      Defendant's collection communications were received by plaintiff within this District;

      b.      Defendant does or transacts business within this District.

## PARTIES

10.     Plaintiff Tracey Byrnes  is an individual who resides in Madison, Wisconsin.

11.     Defendant Medicredit, Inc. is a Missouri corporation with a principal office of

Three City Place Dr., Suite 690, St. Louis, MO 63141.  It does business in Wisconsin.  Its registered agent and office is CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703.

12.     The principal purpose of Defendant Medicredit's business is the collection of debts allegedly owed to third parties, all or most of which are health care providers.

13.     Defendant Medicredit regularly collects, or attempts to collect, debts allegedly owed to third parties, using the mails and telephone system for that purpose.

14.     According to the Better Business Bureau, "Medicredit informed BBB that they do not purchase the debt.  Hospitals and doctors refer their clients to Medicredit to collect on unpaid debts.  Medicredit sends consumers letters informing them of the debt.  The consumer has 30 days to respond, and if consumer does not respond, Medicredit will place a phone call to the consumer.  If the consumer does not respond to the letter and phone call the debt is reported to the credit reporting agencies, and at this time it is placed on the consumer's credit report."

(https://www.bbb.org/us/mo/earth-city/profile/collections-agencies/medicredit-inc-0734-110035703#overview)

15.     Defendant Medicredit is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

16.     Defendant Medicredit was hired to collect and has been attempting to collect from Plaintiff Tracey Byrnes an alleged $250.00 health care debt owed to St. Mary's Hospital – Madison.  The Hospital is a unit of SSM Health, a large chain of Catholic health care establishments that operates in Wisconsin, Illinois, and Missouri.

17.     All such debts, including that of Plaintiff, are incurred for personal, family or household purposes, and not for business purposes.

18.     On or about August 14, 2020, Defendant sent Plaintiff the letter attached as

Exhibit A.  Plaintiff received it shortly thereafter.

19.     Exhibit A is a form letter.

20.     Exhibit A has bar coded addresses and return addresses, which qualify the sender

for a discount from the Postal Service when large numbers of similar mail items are sent at the

same time.

21.     Exhibit A has form numbers and mass mailing codes, both of which indicate a

document used on a large-scale basis.

22.     Exhibit A states:

. . . **If this debt remains unpaid, then 30 days from the date of this letter the Facility
may begin the following Extraordinary Collection Actions (ECAs):**
   o     Reporting to a consumer credit reporting agency or credit bureaus (Credit
         Agencies)
   o     Commence a civil action (suit) which may include:
         -     Garnishment of wages
         -     Attaching or seizing a bank account
         -     Placing a lien on residences or other personal property.

23.     Exhibit A represents or implies that St. Mary's Hospital intends to sue on a debt

of less than $300.

24.     Exhibit A represents or implies that at the commencement of a civil action, St.

Mary's Hospital intends to seize or lien wages, bank accounts, residences or other person

property.

25.     In fact:

        a.     Since February 2018 SSM Health has not sued any patient in Illinois,

               Missouri or Wisconsin.

4

      b.      Only a handful of lawsuits were filed for several years prior to February 2018.

      c.      No lawsuits were filed for less than $1,200.

      d.      SSM Health has never sought to garnish a consumer prior to obtaining a judgment.

26.     Medicredit was well aware of these facts.

27.     Under the FDCPA, consumers have a right:

      a.      To be free from false threats of collection actions that are not intended to be taken;

      b.      To be free from false implications that their wages or assets will be seized by judicial process, when no such action is intended;

      c.      To receive truthful collection letters that do not contain false statements.

28.     Plaintiff was mislead and intimidated by Exhibit A

29.     Plaintiff was genuinely fearful of being sued.

## COUNT I – FDCPA

30.     Plaintiff incorporates by reference paragraphs 1-29.

31.     Defendant Medicredit violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), and 1692e(10) by threatening action which was not intended to be taken.

32.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

      (A) the character, amount, or legal status of any debt; . . . .

5

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

33.     The Federal Trade Commission has interpreted these prohibitions as follows:

Section 807(5) prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken."

1. *Debt collector's statement of his own definite action*. A debt collector may not state that he will take any action unless he intends to take the action when the statement is made, or ordinarily takes the action in similar circumstances.

2. *Debt collector's statement of definite action by third party*. A debt collector may not state that a third party will take any action unless he has reason to believe, at the time the statement is made, that such action will be taken.

3. *Statement of possible action*. A debt collector may not state or imply that he or any third party may take any action unless such action is legal *and there is a reasonable likelihood, at the time the statement is made, that such action will be taken*. A debt collector may state that certain action is possible, if it is true that such action is legal and is *frequently taken by the collector or creditor with respect to similar debts*; however, if the debt collector has reason to know there are facts that make the action unlikely in the particular case, a statement that the action was possible would be misleading. . . .

6. *Threat of legal or other action*. Section 807(5) refers not only to a false threat of legal action, but also a false threat by a debt collector that he will report a debt to a credit bureau, assess a collection fee, or undertake any other action if the debt is not paid. A debt collector may also not misrepresent the imminence of such action. . . .

*Lack of intent may be inferred when the amount of the debt is so small as to make the action totally unfeasible or when the debt collector is unable to take the action because the creditor has not authorized him to do so.* . . .

FTC Official Staff Commentary on the Fair Debt Collection Practices Act,  53

Fed. Reg. 50097, 50106 (Dec. 13, 1988) (emphasis added).

## CLASS ALLEGATIONS

34.     Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and

23(b)(3).

35.     The class consists of (a) all individuals (b) to whom Medicredit sent a letter

containing the language quoted in Exhibit A (c) which letter  was sent at any time during a

period beginning one year prior to the filing of this action and ending 21 days after the filing of

this action.

36.     Persons included in any class certified in *Kwasniewski v. Medicredit*

(W.D.Wisc.), are excluded.

37.      On information and belief, based on the size of Medicredit's business, there are

more than 40 class members, and the class is so numerous that joinder of all members is not

practicable.

38.     There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members.  The

predominant common questions are (a) whether SSM Health intends to carry out the actions

referred to in the letter and (b) whether the letter threatens or implies action which is not

intended to be carried out.

39.     Plaintiff's claim is typical of the claims of the class members.  All are based on

the same factual and legal theories.

40.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has

retained counsel experienced in class actions and FDCPA litigation.

7

41.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

      a.     Statutory damages;

      b.     Attorney's fees, litigation expenses and costs of suit;

      c.     Such other and further relief as the Court deems proper.

Dated September 30, 2020

                                        Respectfully submitted,

                                        By: /s/ Daniel A. Edelman
                                          Daniel A. Edelman (IL #0712094)

Daniel A. Edelman (IL #0712094)
Cathleen M. Combs (IL # 0472840)
Julie Clark (IL# 6273353)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

Heidi Miller (#1087696)
HNM Law, LLC
PO Box 26273
Wauwatosa, WI 53226

(414) 306-7000
Heidi@hnm-law.com

Zeshan Usman (WI #1069404)
USMAN LAW FIRM, LLC
515 Junction Rd., #2500
Madison, WI 53717
(608) 829-1112
(888) 876-2636 (FAX)
Z@UsmanLaw.com
ATTORNEYS FOR PLAINTIFF